IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNY FERGUSON, now by marriage )
JENNY GALLAGHER, )
                                         )
      Plaintiff, )
                                         )
   v. ) Civil Action No. 05-280E
                                         )
THE COMMONWEALTH OF )
PENNSYLVANIA, BUREAU OF )
STATE POLICE; PENNSYLVANIA )
STATE POLICE OFFICER CORPORAL )
ROBERT KROWL; and )
PENNSYLVANIA STATE POLICE )
OFFICER SHAWN MASSEY, )
                                         )
     Defendants. )

## OPINION

COHILL, D.J.

Plaintiff Jenny Ferguson Gallagher ("Gallagher") has filed claims alleging excessive use of force against the Commonwealth of Pennsylvania and its Bureau of State Police ("PSP"), and Pennsylvania State Police Officers Robert Krowl and Shawn Massey, for violations of 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1, §§ 1, 8, 9, and 13 of the Constitution of the Commonwealth of Pennsylvania. She also alleges various common law tort claims.

Before the Court are Defendants' motion to dismiss (Doc. 2) pursuant to Fed.R.Civ.P. 12(b)(6) with supporting brief, and Plaintiff's response in opposition.

We have jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331. We also have jurisdiction under the federal diversity statute, 28 U.S.C. § 1332: Plaintiff is a resident of Ohio, and the entities and officers involved are residents of Pennsylvania, and the amount in controversy has been met. We have supplemental jurisdiction under 28 U.S. C. § 1367 over Plaintiff's state law claims.

Having now considered the submissions of the parties and the applicable law, for the reasons set forth below we will deny Defendants' motion.

## Background

For purposes of a motion to dismiss, we accept the facts averred in the complaint as true. On September 30, 2003, Jenny Gallagher was a passenger in a pick-up truck being driven by her then-boyfriend and now husband, Richard Gallagher. (Compl. at ¶ 8). At some point, a Pennsylvania State Police car containing Corporal Robert Krowl and Trooper Shawn Massey attempted to get the truck to pull over. (*Id.* at 9). Richard Gallagher was transporting a quantity of marijuana in the truck, and initially refused to pull over. (*Id.* at 10). He did stop the truck at the intersection of Shadeland and Stateline roads and allowed the Plaintiff to exit the vehicle. (*Id.* at 11). Richard Gallagher then continued his efforts to avoid the police, leaving Gallagher standing on the side of the road. (*Id.* at 12).

Jenny Gallagher made no effort to evade or escape the police, but waited on the side of the road. (*Id.* at 13). While she was standing there, Krowl and Massey approached her with the patrol car. (*Id.* at 14). Although she was clearly visible, and made no effort to elude the officers or to flee, Krowl and Massey made no attempt to stop the vehicle and drove directly into her. (*Id.* at 15).

Gallagher was thrown under the right front bumper of the police vehicle, and suffered bruises, contusions and sprains. (*Id.* at 6). Her injuries included bruising along her left side, scrapes along her left back, shoulder, and legs; numbness in her left leg from the knee down; and trauma to her lower intestine which required emergency surgery and will require a hernia repair. (*Id.* at 17).

After Gallagher was struck by the vehicle, Massy immediately arrested her. (*Id.* at 19). Neither officer offered her any medical attention or assistance. (*Id.* at 20).

Count One of the complaint alleges violations of 28 U.S.C. § 1983 against the officers in their individual capacities. It further avers that the officers' actions violated her right against unreasonable search and seizure under the Fourth, Fifth, and Fourteenth Amendments of the

United States Constitution, and under Article 1, §§ 1, 8, 9, and 13 of the Pennsylvania Constitution.

Count Two alleges, in the alternative, that the Defendants' conduct constituted negligence, and that the Commonwealth and the PSP should be liable for the conduct of their employees under the theory of respondeat superior.

Defendants have now moved to dismiss certain of Plaintiff's claims.

### Applicable Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. A complaint may be dismissed only where no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). In making this determination, the averments must be viewed in the light most favorable to the plaintiff, and all well-pleaded allegations of the complaint must be accepted as true. *Neitzke v. Williams*, 490 U.S. 319 (1989). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3d Cir.1998) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Dismissal is inappropriate unless it clearly appears that plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir.1984).

### Analysis

#### A.

Defendants first argue that Count I of the complaint fails to state a claim against the Pennsylvania State Police ("PSP"), because that entity is not an individual and cannot be sued under 42 U.S.C. § 1983. Plaintiff responds that Count I is clearly directed solely at Krowl and Massey in their individual capacities, and that it does not contain allegations against the PSP.

Plaintiff accurately points out that there are no §1983 violations alleged against the PSP. Count I clearly states that these claims are brought against Krowl and Massey as individual

defendants, and the PSP is not named in this count. We find that Defendants' reading of the complaint is misplaced, and its argument on this issue is without merit. Plaintiff may maintain her § 1983 claims alleged in Count I against the officers in their individual capacities. Accordingly we will deny Defendants' motion to dismiss as to this issue.

Defendants further argue that both the PSP and the officers in their official capacities are immune from suit for monetary damages under the Eleventh Amendment. Defendants assert that officers Krowl and Massey have been "ostensibly sued in their official capacities." (Defs.' Br. at 4). Plaintiff again responds that the officers are not being sued under § 1983 in their official capacities.

Defendants correctly explain that the Eleventh Amendment immunizes states, state agencies, and state officials acting within their official capacities, from monetary damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). However, state officials may still be held personally liable for damages under § 1983 for actions taken under color of state law. *Hafer v. Melo*, 502 U.S. 21 (1991). As the Supreme Court has explained, since *Ex Parte Young* was decided in 1908, "it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." *Hafer*, 502 U.S. at 30 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974)). The Eleventh Amendment does not bar such suits against officers sued in their individual capacities. *Hafer*, 502 U.S. 31. Here, Gallagher has sued officers Krowl and Massey under § 1983 only in their individual capacities, and she may maintain these claims. Defendants' motion to dismiss is denied as to this point.

**B.**

Turning to Count II, Defendants assert that Plaintiff's common law tort claims must be dismissed against the PSP and both officers because, with certain exceptions, the Commonwealth, its officials, and employees enjoy sovereign immunity from suit for intentional torts under 1 Pa.C.S. § 2310. Defendant argues that Plaintiff's allegations of assault and battery cannot be

pursued against either of the officers or the Commonwealth.

Plaintiff responds that Krowl and Massey are not entitled to sovereign immunity on Count II. Plaintiff points out that the complaint does not specifically allege assault and battery, although these are listed under "injuries and damages;" rather, Count II asserts a claim of negligence.

Plaintiff further argues that her negligence claim falls under the vehicle liability exception to sovereign immunity found in 42 Pa. C.S.A. § 8522(b). That exception to sovereign immunity provides as follows:

> The following acts by the Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by (1) the operation of any motor vehicle in the possession or control of the Commonwealth party. As used in this paragraph, "motor vehicle" means any vehicle which is self propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

42 Pa.C.S.A. § 8522(b).

Defendants acknowledge that the conduct complained of "may fall" under the vehicle liability exception to sovereign immunity. (Defs.' Br. at 7). Thus Defendants argue that the officer determined **not** to be the driver of the vehicle which allegedly struck Ms. Gallagher and caused her injuries, is entitled to sovereign immunity on Plaintiff's tort claims, and that the officer who was driving is entitled to sovereign immunity on any tort claims that do not relate directly to his operation of the patrol car.

We conclude that the allegations in Count II are encompassed by the vehicle liability exception to sovereign immunity, and that the driver of the vehicle would not be immune from Plaintiff's tort claims. At this early stage in the litigation there is no evidence as to which officer was driving, and therefore Plaintiff may maintain the claim as set forth in Count II. Insofar as Defendants seek dismissal of this claim as to any party, their motion will be denied.

## C.

Finally, Defendants argue that Plaintiff's Fourteenth Amendment claim is barred by the "explicit source rule" announced in *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

Count I of the Complaint includes the following averments: striking Gallagher with the police vehicle in order to secure her custody constitutes an arrest or seizure (¶ 25); the arrest was made with recklessness and/or deliberate indifference to her constitutional rights (¶ 26); and her arrest was in violation of her right to be free from unreasonable seizure under the Fourth Amendment, and to be free from a deprivation of liberty under the Fifth and Fourteenth Amendments (¶ 28).

Defendant argues that, under *Albright*, Plaintiff cannot maintain a substantive due process claim under the Fourteenth Amendment, because her claim regarding the circumstances of her arrest properly falls under the Fourth Amendment. (Defs.' Br. at 8).

Plaintiff asserts that *Albright* does not require dismissal of her Fourteenth Amendment claims at this stage of the litigation. We agree.

Section 1983 "is not itself a source of substantive rights," but provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 270 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). The initial step in addressing a § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 270 (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Albright was arrested after he turned himself in to the authorities under a warrant that was later found to lack probable cause. Following his release he sued for relief under Section 1983, alleging that he had been deprived of his liberty interest to be free from criminal prosecution except upon probable cause, in violation of the Fourteenth Amendment. He did not claim that his rights to procedural due process had been violated, nor did he claim a Fourth Amendment violation. *Id.* at 271. The District Court dismissed the claim for failure to state a claim under § 1983, and the Seventh Circuit affirmed. The United States Supreme Court granted certiorari to determine whether the due process clause of the Fourteenth Amendment includes a substantive right to be free of criminal prosecution except without probable cause, and affirmed. A plurality held that substantive due process did not provide the relief sought. *Id.* at 275. The Court noted

6

that the Framers drafted the Fourth Amendment to address pretrial deprivations of liberty, and suggested that Albright's specific claims could have been brought under the Fourth Amendment: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Id.* at 274 (quoting *Graham v. Connor*, 490 U.S. at 395). Since Albright did not present Fourth Amendment claims, he could obtain no relief. *Id.* at 275.

*Albright*, then, stands for the proposition that a § 1983 malicious prosecution claim cannot be based on substantive due process. It may, however, be based upon police misconduct "that violates the Fourth Amendment, the procedural due process clause or any other explicit text of the Constitution." *Torres v. McLaughlin*, 163, F.3d 169, 173 (3d Cir. 1998). The Third Circuit has specifically rejected an interpretation of *Albright* that permits a malicious prosecution claim only to be brought under the Fourth Amendment. *Id.*

In this case, it is premature to address the specific constitutional right defendants' conduct is alleged to have infringed, and, accordingly, too early to dismiss a claim brought under the Fourteenth Amendment. In any event, Gallagher has brought her claims under the Fourth and Fifth Amendments as well, and thus *Albright* is not dispositive at this juncture. Defendants' motion to dismiss shall be denied on this issue.

### Conclusion

For the reasons set forth above, Defendants' motion to dismiss shall be denied in its entirety. An appropriate Order follows.

January 16, 2007
Date

Maurice B. Cohill, Jr.
Senior United States District Judge

7